**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

_____

**In re:**    **(1)**                                                    Case No.

             **(2)**
**Debtor(s).**                                                           **Chapter 13**
_____

**CHAPTER 13 PLAN**
_____

[ ] AMENDED

**ADDRESS:** (1) _____    (2)_____
              _____        _____

**PLAN PAYMENT:**

   **DEBTOR (1)** shall pay $_____ ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

   ( ) **PAYROLL DEDUCTION** from: _____    **OR**    ( ) **DIRECT PAY**.
                                  _____
                                  _____

   **DEBTOR (2)** shall pay $_____ ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

   ( ) **PAYROLL DEDUCTION** from: _____    **OR**    ( ) **DIRECT PAY**.
                                  _____
                                  _____

1. **THIS PLAN [Rule 3015.1 Notice]:**

   (A) **CONTAINS A NON-STANDARD PROVISION.  [See plan provision #19]**                     ( ) **YES**   ( ) **NO**

   (B) **LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE**                 ( ) **YES**   ( ) **NO**
       **COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]**

   (C) **AVOIDS A SECURITY INTEREST OR LIEN.  [See plan provision #12].**                   ( ) **YES**   ( ) **NO**

2. **ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. **AUTO INSURANCE:** ( ) Included in Plan; **OR** ( ) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. **DOMESTIC SUPPORT:** Paid by: ( ) Debtor(s) directly, ( ) Wage Assignment, **OR** ( ) Trustee to:    Monthly Plan Payment:

   _____; ongoing payment begins _____    $ _____
               Approximate arrearage: _____        $ _____
   _____; ongoing payment begins _____    $ _____
               Approximate arrearage: _____        $ _____

5. **PRIORITY CLAIMS:**
   _____ Amount: _____          $ _____
   _____ Amount: _____          $ _____

6. **HOME MORTGAGE CLAIMS:** ( ) Paid directly by Debtor(s); **OR** ( ) Paid by Trustee to:

   _____; ongoing payment begins _____    $ _____
               Approximate arrearage: _____ Interest _____%       $ _____
   _____; ongoing payment begins _____    $ _____
               Approximate arrearage: _____ Interest _____%       $ _____

7. **SECURED CLAIMS:**
   [Retain lien 11 U.S.C. §1325 (a)(5)]          Value of Collateral:      Rate of Interest:      Monthly Plan Payment:
   _____               _____           _____%       $ _____
   _____               _____           _____%       $ _____
   _____               _____           _____%       $ _____

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325(a)]     Value of Collateral:     Rate of Interest:     Monthly Plan Payment:
_____   _____   _____%   $ _____
_____   _____   _____%   $ _____
_____   _____   _____%   $ _____

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

_____   Collateral: _____
_____   Collateral: _____

**10. SPECIAL CLASS UNSECURED CLAIMS:**

                                     Amount:           Rate of Interest:     Monthly Plan Payment:
_____   _____   _____%   $ _____
_____   _____   _____%   $ _____
_____   _____   _____%   $ _____

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

_____   ( ) Not provided for   **OR**   ( ) General unsecured creditor
_____   ( ) Not provided for   **OR**   ( ) General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**
_____
_____

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:** _____.

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

   ( ) _____%,  **OR,**

   ( ) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

_____   ( ) Assumes   **OR**   ( ) Rejects.
_____   ( ) Assumes   **OR**   ( ) Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately _____ months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**
_____
_____
_____.

   **ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

_____   **DATE:** _____.
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**